IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN STANCU, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:23-CV-00894-L-BT |
| § | |
| THE HIGHLAND HILTON/HEI § | |
| HOTELS & RESORTS, § | |
| § | |
| Defendant. § | |
| § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant HEI Hotels & Resorts (HEI) filed a Rule 12(b)(6) Motion to Dismiss (ECF No. 7) this *pro se* civil action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*. For the following reasons, the District Court should GRANT Defendant's Motion and DISMISS Plaintiff's claims without prejudice.

**Background**

Plaintiff John Stancu began working for HEI as a maintenance engineer at The Highland Hilton in Dallas in October 2022. Compl. ¶ 1 (ECF No. 3). On his third day of work, another hotel employee allegedly crashed into Stancu with a heavy laundry cart injuring Stancu. *Id*. ¶¶ 7, 10, 16; *Id*. at Ex. C (ECF No. 3). In his Complaint, Stancu avers that the injuries—a

1

sprained ankle and a hernia—are "debilitating" and "substantially limit[] one or more of [his] major life activities." *Id.* ¶¶ 8, 17 (ECF No. 3).

Stancu submitted requests to HEI for a reasonable accommodation under the ADA. *Id.* ¶¶ 8-13 (ECF No. 3). In his first request, Stancu asked to reduce his work schedule from eight hours a day to six hours a day for a 12-month period. *Id.* ¶ 8; *Id.* at Ex. B (ECF No. 3). Stancu explained that "while I am still able to perform the essential functions of my job," the reduced work schedule "is needed in order to keep up with the medical appointments and treatment and protect me from aggravating the injuries." *Id.* at Ex. B (ECF No. 3). HEI denied this first request, asserting that Stancu did not provide medical documentation proving the existence of his injuries or justifying the need for his requested accommodation. *Id.* ¶ 9 (ECF No. 3).

Stancu later resubmitted his request and attached an "After Visit Summary" from Texas Health Emergency Department. *Id.* ¶ 10; *Id.* at Ex. C (ECF No. 3). The visit summary shows that Stancu visited the emergency department on October 29, 2022, eight days after the alleged laundry cart incident, to treat "ankle pain" and "ankle injury." *Id.* at Ex. C (ECF No. 3). The emergency department doctor diagnosed Stancu with a "right inguinal hernia" and a "sprain of anterior talofibular ligament of right ankle." *Id.* (ECF No. 3). The doctor prescribed ibuprofen and directed Stancu to return if his pain worsened. *Id.* (ECF No. 3). The summary did not indicate that Stancu required a reduced work schedule as a result of his injuries. *Id.* (ECF

2

No. 3). HEI denied this second request, as Stancu alleges, "under the pretext that the medical documentation must show the name of the medical provider." *Id.* ¶ 11 (ECF No. 3).

Stancu submitted his third and final request for a reasonable accommodation on December 5, 2022. *Id.* ¶ 12; *Id.* at Ex. D (ECF No. 3). This time, he attached a letter from Texas Health Surgical Specialists, in which a doctor states that Stancu "has been under my care for a medical condition . . . [a]nd needs a reduced work schedule, from 8 hours a day to 6 hours a day" due to his right inguinal hernia. *Id.* at Ex. D (ECF No. 3). Stancu alleges that HEI denied his third request on December 6, "again under another bogus pretext: that Stancu's injuries are not related to the work accident." *Id.* ¶ 13 (ECF No. 3).

Stancu alleges that once he started submitting reasonable accommodation requests, HEI unlawfully retaliated against him by engaging in "adverse, constructive discharge actions" intended to force Stancu to quit his job. *Id.* ¶¶ 14-15, 20 (ECF No. 3). Specifically, he claims that "[a] few days after [he] submitted his first ADA request, all of his personal tools were stolen" while he was at work. *Id.* ¶ 14 (ECF No. 3). He asked HEI to either reimburse him for the cost of the stolen items, or, alternatively, give him access to security camera footage to assist in identifying the thief. *Id.* (ECF No. 3). Stancu alleges that HEI denied assisting him in order to penalize him for submitting his ADA reasonable

3

accommodation requests. *Id.* (ECF No. 3). Additionally, HEI allegedly retaliated by "assign[ing] several of their employees to harass and follow Stancu around all the time, even to the restroom." *Id.* ¶ 15 (ECF No. 3).

On February 3, 2023, Stancu filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission (EEOC). *Id.* at Ex. A (ECF No. 3). In the EEOC charge, after describing the October 2022 laundry cart incident and his sustained injuries, Stancu states that his injuries are "disabling, and prevent [him] from performing [his] job in a safe manner." *Id.* (ECF No. 3). He claims that his injuries expose him to "additional harm," that HEI's stated reasons for denying his requests were pretext, and that HEI violated the ADA by discriminating against him due to his disability and by retaliating against him for engaging in a protected activity. *Id.* (ECF No. 3). The EEOC issued its notice of Stancu's right to sue on February 3, 2023, and he filed this civil action on April 27, 2023, within 90 days of his receipt of the EEOC notice. *Id.* at 1 (ECF No. 3).

In his Complaint, Stancu alleges that HEI violated the ADA by discriminating against him when it denied his several requests for a reasonable accommodation and by retaliating against him. Compl. ¶ 20 (ECF No. 3). HEI responded by filing the pending Motion to Dismiss (ECF No. 7) in which it argues that Stancu has failed to state a claim for relief under the ADA. Stancu filed his Response (ECF No. 11), and HEI filed a Reply (ECF No. 12). The Motion is ripe and ready for determination.

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings,* 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.,* 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings."), *aff'd,* 824 F. App'x 210 (5th Cir. 2020).

Courts generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014)

(cleaned up). Therefore, a *pro se* plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *Id.* (citations omitted).

## Analysis

A. <u>The Court should dismiss Stancu's ADA discrimination claim based on any alleged failure-to-accommodate because he fails to adequately plead that he has a disability.</u>

The ADA prohibits discrimination in employment against a qualified individual on the basis of his disability. *See* 42 U.S.C. § 12112(a). Under the ADA, "discrimination" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [the employer's business]." *Id.* § 12112(b)(5)(A). The ADA provides that "'reasonable accommodation[s]' may include . . . job restructuring, part-time or modified work schedules, reassignment to a vacant position . . . and other similar accommodations for individuals with disabilities." *Id.* § 12112(9).

To survive dismissal at the 12(b)(6) stage on an ADA discrimination claim based on an alleged failure-to-accommodate, a plaintiff must plausibly allege: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the [ ] employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Milteer v. Navarro Cnty., Texas*, 652 F. Supp. 3d 754,

7

762 (N.D. Tex. 2023) (quoting *Feist v. La., Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)).

Regarding the first element, the ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities, (B) a record of such an impairment, or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). It is clear from Stancu's pleadings that he attempts to allege a disability under prong (A); "[t]herefore, in order to adequately allege a disability under the ADA, [he] must plead facts giving rise to an inference that his . . . impairment 'substantially limits one or more 'major life activities.'" *Luedecke v. Tenet Healthcare Corp.*, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (Boyle, J.) (quoting *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011)); *see also Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479 (5th Cir. 2023), as revised (Aug. 4, 2023) (citing *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009)) ("'Merely having an impairment' is not enough to qualify as disabled under the ADA—a plaintiff 'also need[s] to demonstrate that the impairment substantially limits a major life activity.'"). For at least two independent reasons, Stancu fails to adequately allege that he has a disability for purposes of the ADA.

First, he does not specifically allege which of his "major life activities" are substantially limited. "Major life activities" are those activities that are of central importance to daily life. *Hale,* 642 F.3d at 500. Such activities

8

include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). While this is not an exclusive list, Stancu must do more than merely recite that one of his major life activities is substantially limited—he must allege facts supporting a reasonable inference that his injuries substantially limit his ability to perform some specific major life activity. *See Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 F. App'x 295, 297 (5th Cir. 2012) ("Although [plaintiff] alleged that she is an alcoholic and recited that her alcoholism impairs a major life activity, she did not specify which of her 'life activities' is substantially limited. This is fatal to stating a valid claim for relief.").

In his EEOC charge, Stancu asserted that his injuries "prevent [him] from performing [his] job in a safe manner," *see* Compl. Ex. A (ECF No. 3); liberally construed, this statement could be construed as an allegation that he is limited in the major life activity of working as a maintenance engineer at the Highland Hilton. But "[a]n inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Blakely v. GoLabs, Inc.*, 2023 WL 6139456, at *13 (N.D. Tex. Aug. 17, 2023) (Horan, J.), report and recommendation adopted, 2023 WL 6393184 (N.D. Tex. Sept. 30, 2023). Instead, "when the major life activity under consideration is that of working, the statutory phrase 'substantially

9

limits' requires, at a minimum, that [one] allege [[he] is] unable to work in a broad class of jobs." *Drerup v. Consol. Nuclear Sec., L.L.C.*, 2022 WL 3335780, at *3 (5th Cir. Aug. 12, 2022) (citing *Kemp v. Holder*, 610 F.3d 231, 238 (5th Cir. 2010) (per curiam)). Even liberally construed, Stancu's allegations address only his inability to perform his particular job at the Highland Hilton, rather than an inability to work in a wide variety of jobs or maintain gainful employment to the same degree as the average person. *See* 29 C.F.R. § 1630.2(j) ("An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity *as compared to most people in the general population.*") (emphasis added).

Second, even if Stancu identified a specific major life activity, he does not provide sufficient detail to explain why or how his injuries substantially limit him in the performance of that activity. While the ADA Amendments Act of 2008 (ADAAA) provides that the term "substantially limits" is to be interpreted as broadly as possible, 42 U.S.C. § 12102(4)(A)-(B), a plaintiff must provide enough factual detail surrounding the allegation that an impairment "substantially limits" him to reach the level of plausible entitlement to relief. Here, Stancu merely provides that his injuries are "disabling," "debilitating," and prevent him from "performing his job in a safe manner." Compl. ¶ 8; Compl. Ex. A (ECF No. 3). Stancu fails to provide sufficient factual detail to state a claim in this context. *See, e.g.*, *Hale*, 642

F.3d at 500 (affirming plaintiff failed to state a claim for failure-to-accommodate when the "complaint did little to expound on the impact of [plaintiff's] conditions on [his] health"); *Luedecke*, 2015 WL 58733, at *6 (finding that plaintiff alleging chronic pain related to disc disease of the neck failed to adequately plead disability since he did not "present any facts describing the difficulties he experiences in performing any activities").

The medical records Stancu attaches to his Complaint do not raise his allegations to the required level of specificity. The "After Visit Summary" (Compl. Ex. C (ECF No. 3)) simply provides his diagnoses—a "right inguinal hernia" and a "sprain of anterior talofibular ligament of right ankle"—without adding any detail about the impact such injuries have on Stancu's ability to perform any major life activities, and his letter from Texas Health Surgical Specialists (*Id.* at Ex. D) simply states in conclusory fashion that Stancu needs a reduced work schedule without any description of the injury-induced challenges that create such a need. *See Hale*, 642 F.3d at 500 (noting in support of affirming dismissal that medical record attached to complaint "did not contain facts regarding the impact of [plaintiff's] ailments on his ability to perform major life activities").

In sum, Stancu alleges only the existence of physical injuries, without adding sufficient factual detail for a court to reasonably infer that his injuries substantially limit a specific major life activity. In other words, Stancu fails to adequately plead that he has a "disability" for purposes of the ADA.

11

Accordingly, he fails to state a failure-to-accommodate claim, and the Court should dismiss this claim.

    B.    <u>The Court should dismiss Stancu's ADA retaliation claim because he fails to adequately plead that he engaged in a protected activity and that an adverse employment action occurred.</u>

"The ADA prohibits an employer from 'discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303-04 (5th Cir. 2020) (quoting 42 U.S.C. § 122203(a)). To establish a prima facie case of retaliation under the ADA, "an employee [must] show: (1) he engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse employment action." *Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 886 (5th Cir. 2020). "Even though a plaintiff is not required to make out a prima facie case of retaliation at the pleading stage, [he] must 'plead sufficient facts on all of the ultimate elements' of a retaliation claim to make [his] case plausible." *Baker v. Univ. of Texas Sw. Med. Ctr.*, 2023 WL 4214933, at *6 (N.D. Tex. June 2, 2023) (Ramirez, J.), report and recommendation adopted, 2023 WL 4208038 (N.D. Tex. June 27, 2023) (citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019)).

> *i. Stancu fails to adequately allege that he engaged in a protected activity under the ADA.*

Regarding the first element, Stancu contends that HEI retaliated against him for submitting his requests for reasonable accommodation under the ADA. Compl. ¶¶ 14-15, 20 (ECF No. 3). "It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity." *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008); *see also* 42 U.S.C. § 12111(9) (defining "reasonable accommodation" to include "part-time or modified work schedules").

But while Stancu alleges that he requested a reasonable accommodation under the ADA, he does not actually allege that "he requested a reasonable accommodation for any 'disability,' *as that term is defined in the statutes.*" *Milteer v. Navarro Cnty., Texas*, 2022 WL 1321555, at *9 (N.D. Tex. May 3, 2022) (Fitzwater, J.) (emphasis added). He only alleges that he requested accommodation for his sprained ankle and hernia. And for the reasons explained above—namely, failure to sufficiently plead which major life activity his injuries negatively impact and how he is substantially limited—he does not adequately allege that those injuries are "disabilities" within the meaning of the ADA. Accordingly, Stancu's Complaint does not include allegations that permit the Court to draw the

13

reasonable inference that Stancu "asked for an accommodation for any *disability." Id.*

Further, "[w]hile 'in order to prosecute an ADA retaliation claim, [a] plaintiff need not show [he] suffers from an actual disability,' he must have 'had a reasonable, good faith belief that he was disabled.'" *Girasole v. Caliber Home Loans, Inc.,* 2022 WL 3081576, at *3 (N.D. Tex. Aug. 3, 2022) (Starr, J.) (citing *Tabatchnik,* 262 F. App'x 674 at 677). By simply alleging that his injuries are disabling and debilitating, in addition to the unadorned conclusion that such injuries "substantially limit one of [his] major life activities," Stancu does not sufficiently plead that when he requested accommodation, he had a reasonable belief that he was disabled as that term is understood under the ADA. *See Girasole*, 2022 WL 3081576, at *3 ("[Plaintiff's] allegation that one of his teammates had cancer, without any elaboration as to what risks or limitations he believed this cancer posed, . . . fail to support an inference that [plaintiff] reasonably and in good faith believed that his team members had disabilities within the meaning of the ADA, a threshold requirement of his [retaliation] claim.").

Accordingly, the Court should dismiss Stancu's retaliation claim because he fails to adequately allege that he engaged in a protected activity.

    ii.    *Stancu fails to adequately allege that he suffered an adverse employment action.*

14

Regarding the second element of a retaliation claim—that an adverse employment action occurred—a plaintiff must plausibly allege "that a reasonable employee would have found the challenged action materially adverse[.]"[1] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). A materially adverse employment action—as opposed to "trivial harms" or "those minor annoyances that often take place at work," *see Burlington,* 548 U.S. at 68—is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Marshall v. McDonough*, 2021 WL 3917001, at *10 (N.D. Tex. July 15, 2021) (Reno, J.), report and recommendation adopted, 2021 WL 3912804 (N.D. Tex. Sept. 1, 2021) (citing *Burlington*, 548 U.S. at 67).

Stancu posits "constructive discharge" as the adverse employment action that occurred. Compl. ¶¶ 14-15, 20 (ECF No. 3). He alleges that a few days after submitting his first request, "all of his personal tools were stolen" from the hotel, and HEI, hoping to convince Stancu to quit, refused to reimburse him or give him access to security footage that might reveal the thief's identity. *Id*. Additionally, Stancu alleges that HEI "assigned several of their employees to harass and follow [him] around all the time, even to the restrooms." *Id*. ¶ 15.

---

[1] An "adverse employment action" for a retaliation claim differs from an "adverse employment decision" for a discrimination claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

A constructive discharge occurs when the "employer deliberately makes an employee's working conditions so intolerable" that the employee's resignation is involuntary. *Stringer v. N. Bolivar Consol. Sch. Dist.*, 727 F. App'x 793, 802 (5th Cir. 2018) (quoting *Keelan v. Majesco Software*, Inc., 407 F.3d 332, 342 (5th Cir. 2005)). But Stancu does not allege that he resigned. He alleges only that HEI's actions after receiving the accommodation requests were *intended* to force Stancu to quit. Compl. ¶¶ 14-15, 20 (ECF No. 3). He alleges the start date for his employment but does not mention an end date. *Id.* ¶ 6. Accordingly, because Stancu does not plead that he left his job, he does not adequately plead constructive discharge as the underlying adverse employment action for his retaliation claim. *Pacheco v. Universal Forest Prod. W. Div., Inc.*, 2010 WL 11618656, at *4 (N.D. Tex. Aug. 31, 2010) (Godbey, J.) (rejecting constructive discharge theory where plaintiff never quit his job); *see also Donaldson v. Burlington Indus., Inc.*, 2004 WL 1933603, at *2 (5th Cir. 2004) (per curiam) (holding that, in order to succeed on a constructive discharge claim, an employee must resign within a reasonable time of the complained-of conduct).

Furthermore, Stancu's allegations regarding his stolen tools and being followed by HEI employees to the bathroom do not reach the level of intolerable work conditions required to satisfy the adverse employment action requirement. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (holding, as a matter of law, things like personal items being

16

taken from the plaintiff's desk and being chastised by superiors and ostracized by co-workers are not actionable adverse employment actions, rather such conduct falls into the category of "petty slights, minor annoyances, and simple lack of good manners" that are not recognized as actionable retaliatory conduct). Stancu's allegations otherwise lack specificity and context and, thus, fall short of plausibly demonstrating that his working conditions were so intolerable that a reasonable employee would feel compelled to resign. Accordingly, he fails to state a claim for ADA retaliation, and the Court should dismiss this claim.

### Opportunity to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238,

248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

Here, the Court should allow Stancu to file an amended complaint that sets forth additional facts to state a claim on which relief can be granted. Stancu is a *pro se* plaintiff, he has not yet amended his original complaint, and it is not apparent at this stage that such an amendment could not successfully address his current pleading deficiencies.

### Recommendation

The Court should GRANT Defendant's Motion to Dismiss (ECF No. 7) and DISMISS without prejudice each of Plaintiff's claims against Defendant for failure to state a claim. The Court should permit Stancu to amend his complaint within 30 days of the entry of an order accepting these findings, conclusions, and recommendation, or a deadline otherwise set by the Court.

**SO RECOMMENDED**.

December 4, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).