IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-00894-L-BT |
| | § | |
| THE HIGHLAND HILTON/HEI | § | |
| HOTELS & RESORTS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18) filed by Defendant HEI Hotels & Resorts (HEI). For the following reasons, the Court should GRANT Defendant's Motion and DISMISS each of Plaintiff's claims.

### Background

Plaintiff John Stancu, proceeding *pro se,* filed his original Complaint in this civil action on April 27, 2023, alleging that Defendant HEI violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*, by discriminating against him when it denied several requests for a reasonable accommodation and by retaliating against him. *See generally* Compl. (ECF No. 3). HEI filed a Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mot. Dismiss

1

(ECF No. 7). On December 4, 2023, the United States Magistrate Judge filed a report and recommendation that the District Judge grant HEI's motion and dismiss without prejudice each of Stancu's claims for failure to state a claim. *See* FCR (ECF No. 15). The Magistrate Judge also recommended the District Judge permit Stancu to amend his complaint within 30 days of the entry of an order accepting the recommendation. *Id.*

On December 26, 2023, Stancu timely filed an Objection to the recommendation. *See* Obj. (ECF No. 16). While Stancu's Objection is almost an exact copy of his original Complaint, it includes an affidavit completed by Stancu in August of 2023. *Id.* at 7-11. Because this affidavit includes factual allegations and details absent from Stancu's original Complaint, the Court construed the Objection as an amended complaint and vacated the December 4 report and recommendation. *See* Order (ECF No. 17).

In his amended complaint, Stancu alleges began working for HEI as a maintenance engineer at The Highland Hilton in Dallas in October 2022. Obj. 3 (ECF No. 16). On his third day of work, another hotel employee allegedly crashed into Stancu with a heavy laundry cart injuring Stancu. *Id.* (ECF No. 16). Stancu avers that the injuries—a sprained ankle and a hernia—are "debilitating" and "substantially limit[] one or more of [his] major life activities." *Id.* at 3, 14 (ECF No. 16).

Stancu submitted requests to HEI for a reasonable accommodation under the ADA. *Id.* at 3-4 (ECF No. 16). In his first request, Stancu asked to

reduce his work schedule from eight hours a day to six hours a day for a 12-month period. *Id.* at 3 & Ex. B (ECF No. 16). Stancu explained that "while I am still able to perform the essential functions of my job," the reduced work schedule "is needed in order to keep up with the medical appointments and treatment and protect me from aggravating the injuries." *Id.* at Ex. B (ECF No. 16). HEI denied this first request, asserting that Stancu did not provide medical documentation proving the existence of his injuries or justifying the need for his requested accommodation. *Id.* at 3 (ECF No. 16).

Stancu later resubmitted his request and attached an "After Visit Summary" from Texas Health Emergency Department. *Id.* at 3 & Ex. C (ECF No. 16). The visit summary shows that Stancu visited the emergency department on October 29, 2022, eight days after the alleged laundry cart incident, to treat "ankle pain" and "ankle injury." *Id.* at Ex. C (ECF No. 16). The emergency department doctor diagnosed Stancu with a "right inguinal hernia" and a "sprain of anterior talofibular ligament of right ankle." *Id.* (ECF No. 16). The doctor prescribed ibuprofen and directed Stancu to return if his pain worsened. *Id.* (ECF No. 16). The summary did not indicate that Stancu required a reduced work schedule as a result of his injuries. *See id.* (ECF No. 16). HEI denied this second request, as Stancu alleges, "under the pretext that the medical documentation must show the name of the medical provider." *Id.* at 4 (ECF No. 16).

Stancu submitted his third and final request for an accommodation on December 5, 2022. *Id.* at 4 & Ex. D (ECF No. 16). This time, he attached a letter from Texas Health Surgical Specialists, in which a doctor states that Stancu "has been under my care for a medical condition . . . [a]nd needs a reduced work schedule, from 8 hours a day to 6 hours a day" due to his right inguinal hernia. *Id.* at Ex. D (ECF No. 16). Stancu alleges that HEI denied his third request on December 6, "under another bogus pretext: that Stancu's injuries are not related to the work accident." *Id.* at 4 (ECF No. 16).

Stancu alleges that once he started submitting accommodation requests, HEI unlawfully retaliated against him by engaging in "adverse, constructive discharge actions" intended to force Stancu to quit his job. *Id.* (ECF No. 16). Specifically, he claims that "[a] few days after [he] submitted his first ADA request, all of his personal tools were stolen" while he was at work. *Id.* (ECF No. 16). He asked HEI to either reimburse him for the cost of the stolen items, or, alternatively, give him access to security camera footage to assist in identifying the thief. *Id.* (ECF No. 16). Stancu alleges that HEI denied assisting him in order to penalize him for submitting his ADA accommodation requests. *Id.* (ECF No. 16). Additionally, HEI allegedly retaliated by "assign[ing] several of their employees to harass and follow Stancu around all the time, even to the restrooms." *Id.* at 5 (ECF No. 16).

On February 3, 2023, Stancu filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Compl. at Ex. A (ECF

No. 3). In the EEOC charge, after describing the October 2022 laundry cart incident and his sustained injuries, Stancu states that his injuries are "disabling, and prevent [him] from performing [his] job in a safe manner." *Id.* (ECF No. 3). He claims that his injuries expose him to "additional harm," that HEI's stated reasons for denying his requests were pretext, and that HEI violated the ADA by discriminating against him due to his disability and by retaliating against him for engaging in a protected activity. *Id.* (ECF No. 3). The EEOC issued its notice of Stancu's right to sue on February 3, 2023, and he filed this civil action on April 27, within 90 days of his receipt of the EEOC notice. *Id.* at 1 (ECF No. 3).

Stancu's amended complaint includes new allegations that after the filing of this present lawsuit, HEI retaliated against Stancu through various harassing actions. Obj. 6-11 (ECF No. 16). Stancu alleges that HEI management directed employees to "engag[e] in daily harassments and threats of violence against [Stancu]." *Id.* at 6 (ECF No. 16). For example, Stancu alleges that another HEI employee "berate[d] and insult[ed] Stancu out-of-the-blue and for no reason" and that it "[w]as very obvious that the management of [HEI] directed this crooked man to harass and threaten Stancu." *Id.* at 13 (ECF No. 16). Stancu further alleges that an HEI employee "showed Stancu several times his middle-finger[,]" and threatened that Stancu would "end up in the trash compactor[.]" *Id.* (ECF No. 16). Stancu

alleges that these and other harassing actions are a part of HEI's continued "vicious constructive discharge campaign[.]" *Id.* at 7 (ECF No. 16).

Stancu states in his Objection that in response to these newly-alleged acts of retaliation, he has "filed a Pre-Charge Inquiry with the EEOC, and is in the process of filing a new charge of discrimination for Retaliations under the ADA[.]" *Id.*

HEI filed its Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18) on January 9, 2024, arguing that Stancu has failed to cure the pleading deficiencies in his original Complaint. Stancu never responded to the motion, and the time for doing so has passed. *See* N.D. Tex. L. Civ. R. 7.1(e), (f). Accordingly, the motion is ripe and ready for a recommendation.

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

6

U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings,* 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v.*

*Heartland Cmty. Ass 'n, Inc.,* 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings."), *aff'd,* 824 F. App'x 210 (5th Cir. 2020).

Courts generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Therefore, a *pro se* plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *Id.* (citations omitted).

## Analysis

I.  <u>The Court should dismiss Stancu's ADA discrimination claim based on any alleged failure-to-accommodate because he fails to adequately plead that he has a disability.</u>

The ADA prohibits discrimination in employment against a qualified individual on the basis of his disability. *See* 42 U.S.C. § 12112(a). Under the ADA, "discrimination" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that

the accommodation would impose an undue hardship on the operation of the [the employer's business]." *Id*. § 12112(b)(5)(A). The ADA provides that "'reasonable accommodation[s]' may include . . . job restructuring, part-time or modified work schedules, reassignment to a vacant position . . . and other similar accommodations for individuals with disabilities." *Id*. § 12112(9).

To survive dismissal at the 12(b)(6) stage on an ADA discrimination claim based on an alleged failure-to-accommodate, a plaintiff must plausibly allege: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the [ ] employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Milteer v. Navarro Cnty., Texas*, 652 F. Supp. 3d 754, 762 (N.D. Tex. 2023) (quoting *Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)).

Regarding the first element, the ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities, (B) a record of such an impairment, or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). It is clear from Stancu's pleadings that he attempts to allege a disability under the first prong; "[t]herefore, in order to adequately allege a disability under the ADA, [he] must plead facts giving rise to an inference that his . . . impairment 'substantially limits one or more 'major life activities.'" *Luedecke v. Tenet Healthcare Corp.*, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (Boyle, J.)

(quoting *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011)); *see also Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 479 (5th Cir. 2023), as revised (Aug. 4, 2023) (citing *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009)) ("'Merely having an impairment' is not enough to qualify as disabled under the ADA—a plaintiff 'also need[s] to demonstrate that the impairment substantially limits a major life activity.'"). For at least two independent reasons, Stancu fails to adequately allege that he has a disability for purposes of the ADA.

First, he does not specifically allege which of his "major life activities" are substantially limited. "Major life activities" are those activities that are of central importance to daily life. *Hale,* 642 F.3d at 500. Such activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). While this is not an exclusive list, Stancu must do more than merely recite that one of his major life activities is substantially limited—he must allege facts supporting a reasonable inference that his injuries substantially limit his ability to perform some specific major life activity. *See Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 F. App'x 295, 297 (5th Cir. 2012) ("Although [plaintiff] alleged that she is an alcoholic and recited that her alcoholism impairs a

major life activity, she did not specify which of her 'life activities' is substantially limited. This is fatal to stating a valid claim for relief.").

In his EEOC charge, Stancu asserted that his injuries "prevent [him] from performing [his] job in a safe manner," *see* Compl. Ex. A (ECF No. 16); liberally construed, this statement could be construed as an allegation that he is limited in the major life activity of working as a maintenance engineer at the Highland Hilton. But "[a]n inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Blakely v. GoLabs, Inc.*, 2023 WL 6139456, at *13 (N.D. Tex. Aug. 17, 2023) (Horan, J.), report and recommendation adopted, 2023 WL 6393184 (N.D. Tex. Sept. 30, 2023). Instead, "when the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that [one] allege [[he is]] unable to work in a broad class of jobs." *Drerup v. Consol. Nuclear Sec., L.L.C.*, 2022 WL 3335780, at *3 (5th Cir. Aug. 12, 2022) (citing *Kemp v. Holder*, 610 F.3d 231, 238 (5th Cir. 2010) (per curiam)). Even liberally construed, Stancu's allegations address only his inability to perform his particular job at the Highland Hilton, rather than an inability to work in a wide variety of jobs or maintain gainful employment to the same degree as the average person. *See* 29 C.F.R. § 1630.2(j) ("An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a

major life activity *as compared to most people in the general population*.")
(emphasis added).

Second, even if Stancu identified a specific major life activity, he does
not provide sufficient detail to explain why or how his injuries substantially
limit him in the performance of that activity. While the ADA Amendments
Act of 2008 (ADAAA) provides that the term "substantially limits" is to be
interpreted as broadly as possible, 42 U.S.C. § 12102(4)(A)-(B), a plaintiff
must provide enough factual detail surrounding the allegation that an
impairment "substantially limits" him to reach the level of plausible
entitlement to relief. Here, Stancu merely recites that his injuries are
"disabling," "debilitating," and prevent him from "performing his job in a
safe manner." Obj. 3 (ECF No. 16); Compl. Ex. A (ECF No. 3). Stancu fails to
provide sufficient factual detail to state a claim in this context. *See, e.g.*,
*Hale*, 642 F.3d at 500 (affirming plaintiff failed to state a claim for failure-
to-accommodate when the "complaint did little to expound on the impact of
[plaintiff's] conditions on [his] health"); *Luedecke*, 2015 WL 58733, at *6
(finding that plaintiff alleging chronic pain related to disc disease of the neck
failed to adequately plead disability since he did not "present any facts
describing the difficulties he experiences in performing any activities").

The medical records Stancu attaches to his live pleading do not raise
his allegations to the required level of specificity. The "After Visit Summary"
(Obj. Ex. C (ECF No. 16)) simply provides his diagnoses—a "right inguinal

hernia" and a "sprain of anterior talofibular ligament of right ankle"—without adding any detail about the impact such injuries have on Stancu's ability to perform any major life activities, and his letter from Texas Health Surgical Specialists (*Id.* at Ex. D) simply states in conclusory fashion that Stancu needs a reduced work schedule without any description of the injury-induced challenges that create such a need. *See Hale*, 642 F.3d at 500 (noting in support of affirming dismissal that medical record attached to complaint "did not contain facts regarding the impact of [plaintiff's] ailments on his ability to perform major life activities").

In sum, Stancu alleges only the existence of physical injuries, without adding sufficient factual detail for the Court to reasonably infer that his injuries substantially limit a specific major life activity. In other words, Stancu fails to adequately plead that he has a "disability" for purposes of the ADA. Accordingly, he fails to state a failure-to-accommodate claim, and the Court should dismiss this claim.

## II.  ADA Retaliation Claims

In Stancu's amended complaint, he brings two distinct ADA retaliation claims. First, Stancu reasserts the same retaliation claim raised in his original Complaint—that HEI retaliated against him for submitting reasonable accommodation requests. This claim is based on HEI's alleged conduct before Stancu filed this action in April of 2023. Second, Stancu brings a new retaliation claim—that HEI retaliated against him for filing this

present lawsuit. The analysis below explains why Stancu's retaliation claims are subject to dismissal.[1]

*A. The Court should dismiss Stancu's first ADA retaliation claim because Stancu fails to adequately plead that he engaged in a protected activity and that an adverse employment action occurred.*

"The ADA prohibits an employer from 'discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].'" *Lyons v. Katy Indep. Sch. Dist.,* 964 F.3d 298, 303-04 (5th Cir. 2020) (quoting 42 U.S.C. § 122203(a)). To establish a prima facie case of retaliation under the ADA, "an employee [must] show: (1) he engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse employment action." *Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 886 (5th Cir. 2020). "Even though a plaintiff is not required to make out a prima facie case of retaliation at the pleading stage, [he] must 'plead sufficient facts on all of the ultimate elements' of a retaliation claim to make [his] case

---

[1] In Stancu's amended complaint, the underlying allegations supporting retaliation claims based on HEI's alleged pre-filing conduct are identical to the allegations found in Stancu's original Complaint. Accordingly, these retaliation claims remain subject to dismissal for the reasons already explained in the Findings, Conclusions, and Recommendation filed on December 4, 2024, and vacated on January 3, 2024. The analysis in section A above therefore mirrors the analysis in the vacated recommendation.

plausible." *Baker v. Univ. of Texas Sw. Med. Ctr.*, 2023 WL 4214933, at \*6 (N.D. Tex. June 2, 2023) (Ramirez, J.), report and recommendation adopted, 2023 WL 4208038 (N.D. Tex. June 27, 2023) (citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019)).

> i. *Stancu fails to adequately allege that he engaged in a protected activity under the ADA.*

Regarding the first element, Stancu contends that HEI retaliated against him for submitting his requests for reasonable accommodation under the ADA. Obj. 4-5 (ECF No. 16). "It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity." *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008); *see also* 42 U.S.C. § 12111(9) (defining "reasonable accommodation" to include "part-time or modified work schedules").

But while Stancu alleges that he requested a reasonable accommodation under the ADA, he does not actually allege that "he requested a reasonable accommodation for any 'disability,' *as that term is defined in the statutes*." *Milteer v. Navarro Cnty., Texas*, 2022 WL 1321555, at \*9 (N.D. Tex. May 3, 2022) (Fitzwater, J.) (emphasis added). He only alleges that he requested an accommodation for his sprained ankle and hernia. And for the reasons explained above—namely, failure to sufficiently plead which major life activity his injuries negatively impact and how he is substantially limited—he does not adequately allege that those injuries are

"disabilities" within the meaning of the ADA. Accordingly, Stancu's Complaint does not include allegations that permit the Court to draw the reasonable inference that Stancu "asked for an accommodation for any *disability." Id.*

Further, "[w]hile 'in order to prosecute an ADA retaliation claim, [a] plaintiff need not show [he] suffers from an actual disability,' he must have 'had a reasonable, good faith belief that he was disabled.'" *Girasole v. Caliber Home Loans, Inc.,* 2022 WL 3081576, at *3 (N.D. Tex. Aug. 3, 2022) (Starr, J.) (citing *Tabatchnik,* 262 F. App'x 674 at 677). By simply alleging that his injuries are disabling and debilitating, in addition to the unadorned conclusion that such injuries "substantially limit one of [his] major life activities," Stancu does not sufficiently plead that when he requested an accommodation, he had a reasonable belief that he was disabled as that term is understood under the ADA. *See Girasole,* 2022 WL 3081576, at *3 ("[Plaintiff's] allegation that one of his teammates had cancer, without any elaboration as to what risks or limitations he believed this cancer posed, . . . fail to support an inference that [plaintiff] reasonably and in good faith believed that his team members had disabilities within the meaning of the ADA, a threshold requirement of his [retaliation] claim.").

Accordingly, the Court should dismiss Stancu's first retaliation claim because he fails to adequately allege that he engaged in a protected activity.

ii.    *Stancu fails to adequately allege that he suffered an adverse employment action.*

Regarding the second element of a retaliation claim—that an adverse employment action occurred—a plaintiff must plausibly allege "that a reasonable employee would have found the challenged action materially adverse[.]"[2] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). A materially adverse employment action—as opposed to "trivial harms" or "those minor annoyances that often take place at work," *see Burlington,* 548 U.S. at 68—is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Marshall v. McDonough*, 2021 WL 3917001, at *10 (N.D. Tex. July 15, 2021) (Reno, J.), report and recommendation adopted, 2021 WL 3912804 (N.D. Tex. Sept. 1, 2021) (citing *Burlington*, 548 U.S. at 67).

Stancu posits "constructive discharge" as the adverse employment action that occurred. Obj. 7 (ECF No. 16). He alleges that a few days after submitting his first request, "all of his personal tools were stolen" from the hotel, and HEI, hoping to convince Stancu to quit, refused to reimburse him or give him access to security footage that might reveal the thief's identity. *Id.* at 4 (ECF No. 16). Additionally, Stancu alleges that HEI "assigned several

---

[2] An "adverse employment action" for a retaliation claim differs from an "adverse employment decision" for a discrimination claim. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

of their employees to harass and follow [him] around all the time, even to the restrooms." *Id*. at 5 (ECF No. 16).

A constructive discharge occurs when the "employer deliberately makes an employee's working conditions so intolerable" that the employee's resignation is involuntary. *Stringer v. N. Bolivar Consol. Sch. Dist.*, 727 F. App'x 793, 802 (5th Cir. 2018) (quoting *Keelan v. Majesco Software*, Inc., 407 F.3d 332, 342 (5th Cir. 2005)). But Stancu does not allege that he resigned. He alleges only that HEI's actions after receiving the accommodation requests were *intended* to force Stancu to quit. Obj. 4 (ECF No. 16). Indeed, in Stancu's August 2023 affidavit, he asserts that he is still employed by HEI and being subjected to a hostile work environment. *Id.* at 7-11 (ECF No. 16). Accordingly, because Stancu does not plead that he left his job, he does not adequately plead constructive discharge as the underlying adverse employment action for his retaliation claim. *Pacheco v. Universal Forest Prod. W. Div., Inc.*, 2010 WL 11618656, at *4 (N.D. Tex. Aug. 31, 2010) (Godbey, J.) (rejecting constructive discharge theory where plaintiff never quit his job); *see also Donaldson v. Burlington Indus., Inc.*, 2004 WL 1933603, at *2 (5th Cir. 2004) (per curiam) (holding that, in order to succeed on a constructive discharge claim, an employee must resign within a reasonable time of the complained-of conduct).

Furthermore, Stancu's allegations regarding his stolen tools and being followed by HEI employees to the bathroom do not reach the level of

intolerable work conditions required to satisfy the adverse employment action requirement. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (holding, as a matter of law, things like personal items being taken from the plaintiff's desk and being chastised by superiors and ostracized by co-workers are not actionable adverse employment actions, rather such conduct falls into the category of "petty slights, minor annoyances, and simple lack of good manners" that are not recognized as actionable retaliatory conduct). Stancu's allegations otherwise lack specificity and context and, thus, fall short of plausibly demonstrating that his working conditions were so intolerable that a reasonable employee would feel compelled to resign. Accordingly, he fails to state a claim for ADA retaliation, and the Court should dismiss this claim.

*B. The Court should dismiss Stancu's second ADA retaliation claim because Stancu has not exhausted administrative remedies, or alternatively, on the merits for failure to adequately plead an adverse employment action.*

Exhausting administrative remedies is a mandatory prerequisite to filing suit under the ADA. *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207 (5th Cir. 2015); *see also* 42 U.S.C. § 12117(a) *and Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA incorporates Title VII's enforcement procedures). "For Title VII and ADA claims, '[e]xhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* (*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir.2002)). "A plaintiff's *pro se* status does not . . .

turn this requirement into a suggestion." *Smith v. Gen. Motors LLC*, 2023 WL 5986568, at *2 (N.D. Tex. Aug. 28, 2023), report and recommendation adopted, 2023 WL 5986461 (N.D. Tex. Sept. 14, 2023).

Stancu advises the Court that he has filed a "Pre-Charge Inquiry with the EEOC" and "is in the process of filing a new charge of discrimination" for his retaliation claim based on HEI's post-April 2023 conduct. Obj. 7 (ECF No. 16). It is true that a pre-charge inquiry, rather than a formal charge of discrimination, could lead to proper exhaustion of administrative remedies. Indeed, "[t]he Supreme Court has clarified that any filing can [be] deemed a 'charge' if it can be 'reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.'" *Sambrano v. United Airlines, Inc.*, 2023 WL 8721437, at *10 (N.D. Tex. Dec. 18, 2023) (citing *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)). However, Stancu has not provided the Court with any detail about the content of his alleged "Pre-Charge Inquiry" to allow the Court to determine whether the filing meets the *Holowecki* request to act standard. And further, Stancu has not provided the Court with the requisite notice of the right to sue from the EEOC.

Accordingly, Stancu has not established proper exhaustion of administrative remedies for his second retaliation claim. Thus, this claim should be dismissed without prejudice. *See Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n. 5 (5th Cir. 2004) (citing

*Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); *Stroy*, 896 F.3d at 698 n.2; *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)) ("When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies.").

Alternatively, Stancu's second retaliation claim fails on the merits for some of the same reasons Stancu's first retaliation claim fails. Namely, Stancu fails to adequately allege that he suffered an adverse employment action—either by constructive discharge or the alleged harassing conduct of HEI employees.

As explained above, a constructive discharge occurs when the "employer deliberately makes an employee's working conditions so intolerable" that the employee's resignation is involuntary. *Stringer*, 727 F. App'x at 802 (quoting *Keelan*, 407 F.3d at 342). Again, Stancu does not allege that he resigned. He alleges that HEI's actions after the initiation of this action were part of an effort to force Stancu to quit. Obj. 7 (ECF No. 16) (Stancu asserting that after he filed his complaint, HEI "escalated the ADA's violations, retaliations, and harassments, to a non-stop, vicious constructive discharge campaign, with the sole purpose of forcing me to quit my job"). Further, Stancu asserts that he is still currently employed by HEI despite HEI's alleged goal. *Id.* (ECF No. 16) (Stancu stating in his August 2023

21

affidavit that "I am employed by the Highland/Hilton/Hotel & Resorts, as a Building Engineer, since October 18, 2022."). As with Stancu's first retaliation claim, because he does not plead that he left his job, he does not adequately plead constructive discharge as the underlying adverse employment action for his second retaliation claim. *See Pacheco*, 2010 WL 11618656, at *4; *Donaldson*, 2004 WL 1933603, at *2.

Moreover, Stancu's allegations of HEI employees harassing him at work after the filing of this action fall into the category of "trivial harms" or "those minor annoyances that often take place at work"—the allegations do not reach the higher bar of materially adverse employment actions. *See Burlington,* 548 U.S. at 68; *see also Marshall*, 2021 WL 3917001, at *10. Allegations of HEI employees insulting and berating Stancu and making vulgar hand gestures in his direction, while certainly annoying and unpleasant, do not constitute actionable retaliatory conduct under the ADA. *See Stewart v. Miss. Transp. Comm'n*, 586 F.3d at 332 (citing *Burlington*, 548 U.S. at 68) (being chastised by superiors and ostracized by co-workers are not actionable adverse employment actions—such conduct falls into the category of "petty slights, minor annoyances, and simple lack of good manners" that are not recognized as actionable retaliatory conduct). And further, as with the supporting allegations for Stancu's first retaliation claim, these newer allegations of harassment generally lack specificity and context and, thus, fall short of plausibly demonstrating that his working conditions

after he initiated this action were so intolerable that a reasonable employee would feel compelled to resign. Accordingly, Stancu fails to state a claim for ADA retaliation, and the Court should dismiss this claim.

### Opportunity to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.

But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[] ha[s] already alleged [his] best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)*;*
*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Here, the Court should not allow Stancu to file another amended complaint. While Stancu is a *pro se* plaintiff, he has been given sufficient opportunity by the Court to adequately plead his claims. Stancu failed to correct the pleading deficiencies in his original Complaint, even after being advised of such deficiencies by HEI's first motion to dismiss and the vacated Findings, Conclusions, and Recommendation. Moreover, Stancu did not respond to HEI's second motion to dismiss, despite being previously advised by this Court of his opportunity to respond under the Court's local rules. *See Jackson v. United States*, 2016 WL 7443264, at *3 (N.D. Tex. Nov. 14, 2016), report and recommendation adopted, 2016 WL 7439358 (N.D. Tex. Dec. 27, 2016) (citing *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995)) ("Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court."); *see also* Order (ECF No. 10) (advising the parties of the deadlines to file a response and reply under the local rules).

## Recommendation

The Court should GRANT HEI's Motion to Dismiss (ECF No. 18) and DISMISS each of Stancu's claims for failure to state a claim.

**SO RECOMMENDED**.

June 6, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).