IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN STANCU,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. **3:23-CV-894-L-BT** |
| | § | |
| **THE HIGHLAND HILTON/HEI** | § | |
| **HOTELS & RESORTS,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On April 27, 2023, *pro se* Plaintiff John Stancu ("Plaintiff") filed this action alleging that Defendant The HEI Hotels & Resorts ("Defendant") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, "by discriminating against him when it denied several requests for a reasonable accommodation and by retaliating against him." Doc. 19 at 6 (citing Doc. 3). Pursuant to Special Order 3, this action was automatically referred to United States Magistrate Judge Rebecca Rutherford for pretrial management. On May 5, 2023, Defendant filed a Motion to Dismiss (the "First Motion") (Doc. 7) pursuant to Federal Rule of Civil Procedure 12(b)(6) and Northern District of Texas Local Rule 7.1. On December 4, 2023, after briefing was complete, Judge Rutherford entered her Findings, Conclusions, and Recommendation (the "First Report") (Doc. 15) recommending that the court grant Defendant's First Motion, dismiss Plaintiff's claims, and grant him an opportunity to amend his complaint and cure the deficiencies identified. On December 26, 2023, Plaintiff filed Objections to the First Report (Doc. 16), which Judge Rutherford construed as an amended complaint (hereinafter referred to as "Amended Complaint"). Accordingly, Judge Rutherford vacated her First Report and terminated as moot Defendant's First Motion.

Order – Page 1

On January 9, 2024, Defendant filed its Second Motion to Dismiss (the "Second Motion") (Doc. 18) pursuant to Rule 12(b)(6) and Local Rule 7.1. Plaintiff failed to file a response. On June 6, 2024, Judge Rutherford entered her Findings, Conclusions and Recommendation (the "Second Report") (Doc. 19) recommending that the court **grant** Defendant's Second Motion and **dismiss with prejudice** Plaintiff's Amended Complaint. Plaintiff has not filed objections to the Report, and the deadline to do so has expired.

The Second Report concludes that Plaintiff's ADA discrimination claim based on any alleged failure to accommodate should be dismissed "because he fails to adequately plead that he has a disability." Doc. 19. As to Plaintiff's two claims for retaliation, the Second Report concludes that his second claim should be dismissed for failure to exhaust administrative remedies, and both claims should be dismissed because he "fails to adequately plead that he engaged in a protected activity and that an adverse employment action occurred." *Id.* at 14, 19. Further, the Second Report concludes that Plaintiff should not be given an opportunity to file a second amended complaint because:

> While [Plaintiff] is a pro se plaintiff, he has been given sufficient opportunity by the [c]ourt to adequately plead his claims. [Plaintiff] failed to correct the pleading deficiencies in his original Complaint, even after being advised of such deficiencies by [the First Motion] and the vacated [First Report]. Moreover, [Plaintiff] did not respond to [Defendant's Second Motion], despite being previously advised by this [c]ourt of his opportunity to respond under the [c]ourt's local rules. *See Jackson v. United States*, 2016 WL 7443264, at *3 (N.D. Tex. Nov. 14, 2016), report and recommendation adopted, 2016 WL 7439358 (N.D. Tex. Dec. 27, 2016) (citing *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995)) ("Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court."); *see also* Doc. 10 (advising the parties of the deadlines to file a response and reply under the local rules).

*Id.* at 24.

**Order – Page 2**

Having considered the Amended Complaint, Second Motion, Second Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Second Report are correct, **accepts** them as those of the court, and **grants** Defendant's Second Motion. Further, the court agrees with the Second Report's recommendation that Plaintiff should not be given another opportunity to amend his claims. Accordingly, Plaintiff's claims are **dismissed with prejudice**.

**It is so ordered** this 24th day of June, 2024.

Sam A. Lindsay
United States District Judge